UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP LESTER, #373272,

    Petitioner,

v.

                                        Case No. 08-13053
                                        Hon. Lawrence P. Zatkoff

THOMAS PHILLIPS,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Phillip Lester ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of assaulting, resisting, or obstructing a police officer causing injury, Mich. Comp. Laws § 750.81d(2), following a jury trial in the Oakland County Circuit Court and was sentenced as a fourth habitual offender, Mich. Comp. Laws § 769.12, to four to 15 years' imprisonment in 2005, which sentence was to be served consecutive to a sentence related to a parole violation. In his pleadings, Petitioner raises claims concerning the late endorsement of a witness and the sequestration of that witness, the admission of bite-mark testimony, the admission of "other acts" evidence, the jury instructions, and his sentence. Respondent has filed an answer to the petition contending that it should be denied. For the reasons stated, the Court finds that Petitioner is not entitled to federal habeas relief on his claims and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. Facts and Procedural History

Petitioner's conviction arises from his altercation with an Oakland County Sheriff's Deputy during a traffic stop in Highland Township, Michigan. The Michigan Court of Appeals described the incident as follows:

> In the early morning hours of August 27, 2004, Deputy Mike Blaszczak of the Oakland County Sheriff's Office saw a vehicle with a shattered back window traveling over the posted speed limit. Deputy Blaszczak activated his lights and followed the vehicle into a driveway. The driver of the vehicle, later identified as defendant, immediately exited the vehicle and, when ordered by Deputy Blaszczak, went to the ground. Deputy Blaszczak knelt down to talk to defendant, at which point defendant tried to grab his arms. During the ensuing struggle, defendant kept reaching toward his pocket, bit Deputy Blaszczak, then grabbed Deputy Blaszczak's flashlight, indicating that he was going to harm Deputy Blaszczak with it. A White Lake police officer eventually provided assistance and defendant was ultimately arrested.

*People v. Lester*, No. 262293, 2006 WL 3421799, at *1 (Mich. Ct. App. Nov. 28, 2006) (unpublished).

Following his conviction and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court affirmed Petitioner's conviction and sentence. *Id*. Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Lester*, 479 Mich. 860 (2007).

Petitioner thereafter filed the present habeas petition, raising the following claims:

I. The court committed reversible error in granting the prosecutor's trial day endorsement of a witness over [Petitioner's] timely objection, and in permitting the witness to testify despite the violation of the sequester rule.

II. Binding precedent and the rule of *stare decisis* require this

> court to either reverse [Petitioner's] conviction and remand for a new trial without bite mark testimony or to remand for a hearing to determine whether bite mark interpretation has met the *Davis-Frye* standard for admissibility of purportedly scientific evidence under MRE 702.
>
> III. Admission of prejudicial "other acts" testimony violated the court rules and deprived [Petitioner] of his federal and state constitutional rights to a fair trial and effective counsel.
>
> IV. The trial court violated [Petitioner's] due process right to present a defense by refusing to instruct the jury on [his] right to resist excessive force during arrest.
>
> V. The presiding judge abused his discretion, and penalized [Petitioner] for exercising his constitutional right to a trial by jury, by making an upward departure from the sentencing guidelines range.

Respondent has filed an answer to the petition contending that it should be denied.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520–21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions

4

of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Additionally, §2254(e)(1) requires that a federal habeas court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).

## IV. Analysis

### A. Witness Endorsement and Sequestration

Petitioner first asserts that he is entitled to habeas relief due to the late endorsement of a prosecution witness, the injured deputy's wife, which he also claims violated the trial court's sequestration order. Respondent contends that this claim lacks merit.

It is well-settled that there is no general constitutional right to discovery in a criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (denying due process claim of a defendant who was convicted with aid of surprise testimony from an accomplice who was an undercover agent); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988) (citing *Weatherford*, 429 U.S. at 559). A decision regarding the endorsement of a witness generally constitutes a state-law matter within the trial court's discretion. *See Hence v. Smith*, 37 F. Supp. 2d 970, 982 (E.D. Mich. 1999) (citing cases); *Whalen v. Johnson*, 438 F. Supp. 1198, 1202–03 (E.D. Mich. 1977) (holding that it was not a fundamental error to permit a prosecutor to endorse a witness during trial even though the prosecutor had previously filed an affidavit stating that the witness was not material). Furthermore, a federal habeas court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Trial

5

court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Serra v. Mich. Dep't of Corrs.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

In this case, the Michigan Court of Appeals determined that the trial-day endorsement of Deputy Blaszczak's wife was appropriate under state law to rebut defense counsel's insinuation that Petitioner did not bite or injure Deputy Blaszczak. *See Lester*, 2006 WL 3421799, at *1. This Court will not disturb the state court's determination that the late endorsement of the witness was proper under Michigan law. State courts are the final arbiters of state law and federal courts do not intervene in such decisions. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Petitioner has also not established that the state court's decision is contrary to or an unreasonable application of Supreme Court precedent. He has not shown that his trial was rendered fundamentally unfair by the late endorsement of Deputy Blaszczak's wife. Defense counsel had the opportunity to fully cross-examine the witness. Her testimony was also cumulative to Deputy Blaszczak's testimony, as well as that of Deputy Steven Zdravkovski who tended to Deputy Blaszczak after the incident. Petitioner was not deprived of exculpatory evidence nor denied the ability to prepare an adequate defense. The trial court's endorsement of Deputy Blaszczak's wife did not deprive Petitioner of a fair trial.

Petitioner is also not entitled to relief on his claim that the trial court's action in allowing

6

Deputy Blaszczak's wife to testify violated the court's sequestration order. While the sequestration of witnesses "is a long-established and well-recognized measure designed to increase the likelihood that testimony will be candid," it is not required by the Due Process Clause. *See Bell v. Duckworth*, 861 F.2d 169, 170 (7th Cir. 1988). A trial court's failure to sequester witnesses does not amount to the deprivation of a constitutional right and thus cannot form the basis for federal habeas relief. *See Pillette v. Foltz*, 630 F. Supp. 2d 791, 803–04 (E.D. Mich. 2009) (citing *Mathis v. Wainwright*, 351 F.2d 489, 489 (5th Cir. 1965); *Lemaster v. Ohio*, 119 F. Supp. 2d 754, 776 (S.D. Ohio 2000)). Moreover, Petitioner has failed to show that any sequestration order violation affected the testimony of Deputy Blaszczak's wife or that the admission of her testimony was fundamentally unfair. To be sure, the jury was well aware that the witness was married to Deputy Blaszczak and was therefore likely to have prior knowledge of his potential testimony at trial. Furthermore, as stated by the Michigan Court of Appeals, the testimony of Deputy Blaszczak's wife was cumulative to the testimony of the deputy who treated his wounds. Petitioner has failed to establish that the late endorsement of the witness or any related sequestration order violation prejudiced his defense or rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

### B. Bite-Mark Testimony

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in allowing bite-mark testimony without conducting a hearing on the reliability and admissibility of such evidence. At trial, Deputy Blaszczak, his wife, and Deputy Zdravkovski testified that Deputy Blaszczak had a bite mark on his arm. Respondent contends that this claim is barred by procedural default and lacks merit.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the

state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85–87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263–64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803–05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id*.

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In denying relief on this claim, the court relied upon a state procedural bar—Petitioner's failure to object and request a *Davis-Frye* hearing at the time of trial. *See Lester*, 2006 WL 3421799, at *2. The failure to make a contemporaneous objection or request is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763 (1999); *People v. Stanaway*, 446 Mich. 643, 687 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th

Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). In this case, the Michigan Court of Appeals denied relief on this claim based upon the failure to object or request a *Davis-Frye* hearing at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784–85 (6th Cir. 1996). Petitioner neither alleges nor establishes cause to excuse his procedural default. A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Nonetheless, the Court finds that Petitioner cannot establish prejudice because his claim lacks merit. As explained by the Michigan Court of Appeals in reviewing the claim for plain error and denying relief, a *Davis-Frye* hearing was not required because the witnesses did not testify as scientific experts; rather, they merely stated that they observed what appeared to be bite marks on Deputy Blaszczak's arm. *See Lester*, 2006 WL 3421799, at *2. No scientific analysis was performed or required. The bite-mark testimony was offered to show that the deputy was injured, not to identify the source of the bite mark or the perpetrator of the crime.

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo,* 513 U.S. 298, 326–27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*

9

*v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. This claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

**C.     Other Acts Evidence and the Effectiveness of Defense Counsel**

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in admitting other acts testimony concerning his prior confrontations with police and defense counsel was ineffective for failing to object to the admission of such testimony. Respondent contends that the other acts evidence claim is not cognizable upon habeas review and that both claims lack merit.

As noted, alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle*, 502 U.S. at 67–68; *Serra*, 4 F.3d at 1354. Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh*, 329 F.3d at 512; *Clemmons*, 34 F.3d at 356.

As to the admission of prior acts, the United States Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *See Dowling v. United States*, 493 U.S. 342, 352–53 (1990).[1] Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d 496, 512

---

[1] While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

(6th Cir. 2003). Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id*. at 513; *see also Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Moreover, Petitioner's claim that the state trial court violated Mich. R. Evid. 404(b) by admitting the other acts evidence is not cognizable on habeas review. *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007). Petitioner has thus failed to state a claim upon which habeas relief may be granted on this issue.

Furthermore, even if Petitioner had stated a cognizable claim, he is not entitled to relief. Petitioner has not shown that the disputed evidence rendered his trial fundamentally unfair. As explained by the Michigan Court of Appeals in reviewing this issue under state law, testimony about Petitioner's prior confrontations with police was relevant to show a common plan or scheme (*i.e.*, that Petitioner had a history of resisting arrest and fighting with police). The evidence was not more prejudicial than probative, nor was it cumulative to other evidence. Such testimony was properly admitted under state law and the prosecution did not make an improper character or propensity argument based on the evidence. Petitioner has not shown that the admission of this evidence was erroneous or, more importantly, that it rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

Petitioner relatedly asserts that defense counsel was ineffective for failing to object to the admission of the other acts testimony. In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id*. at 687. Second,

the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. A reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311–12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Applying the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim finding that (1) defense counsel was not ineffective for failing to object to the other acts evidence because the decision was reasonable trial strategy (to show how this case differed from the others) and (2) Petitioner could not establish that he was prejudiced by counsel's conduct given the trial testimony recounting his struggle with the deputy. *Lester*, 2006 WL 3421799, at *3–4.

This decision is neither contrary to *Strickland* nor an unreasonable application thereof. First, any objection by defense counsel would likely have been overruled given that the disputed evidence was admissible under state law. Defense counsel cannot be deemed deficient for failing

12

to make a futile objection or motion. *See McQueen*, 99 F.3d at 1328. Second, the record reveals that defense counsel attempted to distinguish Petitioner's conduct in this case from the prior incidents in which he admitted fighting with the police. This was a reasonable trial strategy. The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See, e.g.*, *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (quoting *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001)) ("[A]n ineffective-assistance-of-counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken."). Third, given the significant evidence of guilt presented at trial, Petitioner cannot establish that he was prejudiced by counsel's conduct. Petitioner has thus failed to demonstrate that defense counsel was ineffective. Habeas relief is not warranted on this claim.

**D.      Jury Instructions**

Petitioner next asserts that he is entitled to habeas relief because the trial court failed to instruct the jury on his right to resist excessive force during arrest, which he claims violated his right to present a defense. Respondent contends that this claim is barred by procedural default, is not cognizable, and/or lacks merit.

As previously discussed, federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See* Part IV.B *supra*. Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing this claim, the court relied upon a state procedural bar—Petitioner's acceptance of the jury instructions given at trial. *See Lester*, 2006 WL 3421799, at *4 (ruling that claim was waived because "defense counsel twice agreed with the instructions that had been given"). Such a waiver/failure to object is a recognized and firmly-established independent and adequate state law ground for refusing to

13

review trial errors. *See People v. Carter*, 462 Mich. 206, 215 (2000); *Carines*, 460 Mich. at 763; *see also Coleman*, 501 U.S. at 750–51. The Michigan Court of Appeals in this case refused to consider Petitioner's jury instruction claim based solely upon his failure to contest those instructions at trial.

Petitioner must therefore establish cause and prejudice to excuse his default, or show that a miscarriage of justice has occurred. He has neither alleged nor established cause to excuse this default, nor has he shown that a fundamental miscarriage of justice has occurred. *See* Part IV.B *supra*. Petitioner's jury instruction claim is thus barred by procedural default and does not warrant habeas relief from this Court.

### E.     Sentencing

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court erred in sentencing him above the sentencing guideline range, allegedly to penalize him for exercising his right to a jury trial. Petitioner bases this claim upon the following discussion which occurred during a pre-trial hearing:

> THE COURT: Are we going to be able to resolve it?
>
> MR. CARPENTER: Apparently Mr. Lester is not going to— he doesn't want to plead to anything.
>
> MR. ROULAND: No—no, Judge.
>
> THE COURT: Then we'll go to trial.
>
> * * *
>
> THE COURT: Do you understand that? There will be no plea bargain at the time of trial. Do you understand that?
>
> THE DEFENDANT: I do understand, sir.

14

> THE COURT: And I would suggest, with your record, you really want to think about this.
>
> MR. ROULAND: Judge, if I could, just for the—just to make a record, we are ready for trial. Mr.Lester's in custody. He's in, he's in dead time right now, he's not getting credit for his days.
>
> THE COURT: I made—I'm going to suggest even more than that. Have we had any motion whatsoever under 400 series relative to scheme, purpose, given the 2002 and the 2003 case, for admissibility.
>
> MR. CARPENTER: There's, there's been no pending motion.
>
> MR. ROULAND: No, Judge.
>
> THE COURT: I suggest you look at it, Mr. Carpenter.
>
> MR. CARPENTER: Thank you.
>
> THE COURT: Do you understand what I'm saying?
>
> MR. ROULAND: I do, Judge.
>
> THE COURT: I'm, I'm not wasting time on him.
>
> MR. ROULAND: I understand.
>
> THE COURT: He hasn't got the brains to, you know, then I can't do anything about it. That's his business.
>
> MR. ROULAND: Okay. I just want to make a record that we're ready to go, Judge.
>
> THE COURT: I'm ready, too.

4/1/05 Hrg., pp. 3–5. Respondent contends that this claim lacks merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741,

15

745 (E.D. Mich. 2001). Petitioner's sentence is within the statutory maximum. *See* Mich. Comp. Laws §§ 750.81d(2), 769.12. A sentence imposed within the statutory limit is generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

To the extent that Petitioner asserts that his sentence is invalid because the trial court erred in departing upward from the recommended sentencing guideline range for his minimum sentence, his claim is not cognizable on federal habeas review because it is essentially a state-law claim. *See Austin v. Jackson*, 231 F.3d 298, 300–01 (6th Cir. 2000); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 21, at *2 (6th Cir. Nov.19, 1993) (table opinion) (ruling that departure from state sentencing guidelines is a state law issue that is not cognizable on federal habeas review); *McPhail*, 412 F. Supp. 2d at 656; *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *see also Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Any alleged error in departing above the guideline range does not merit habeas relief. Moreover, the Michigan Court of Appeals determined that Petitioner's sentence was within the guideline range, was not an upward departure, and was appropriate under state law. *See Lester*, 2006 WL 3421799, at *4. State courts are the final arbiters of state law and federal courts will not intervene in such matters. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).

Petitioner has also not shown that the trial court's sentence was vindictive. A sentence is

unconstitutionally vindictive if it imposes greater punishment because the defendant exercised a constitutional right, such as the right to jury trial or the right to appeal. *See Wasman v. United States*, 468 U.S. 559, 568 (1984); *Waring v. Delo*, 7 F.3d 753, 758 (8th Cir. 1993); *Morales v. Miller*, 41 F. Supp. 2d 364, 380 (E.D.N.Y. 1999); *see also North Carolina v. Pearce*, 395 U.S. 711 (1969). However, while a criminal defendant "may not be subjected to more severe punishment for exercising his constitutional right to stand trial, the mere imposition of a heavier sentence after a defendant voluntarily rejects a plea bargain does not, without more, invalidate the sentence." *United States v. Morris*, 827 F.2d 1348, 1352 (9th Cir. 1987) (citations omitted). When the record contains statements that give rise to an inference of vindictive sentencing, the record must affirmatively show that no improper weight was given to the failure to plead guilty. *Id*.

The Michigan Court of Appeals denied relief on this claim, finding that the trial court's sentence was within the guideline range, was based upon permissible factors such as Petitioner's "prior convictions and his apparent danger to the public," and was not increased because Petitioner exercised his right to a jury trial. *Lester*, 2006 WL 3421799, at *4. This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The record indicates that the trial court sentenced Petitioner within the guideline range and the statutory maximum. The trial court considered the circumstances of the crime, Petitioner's habitual offender status, and other permissible factors at sentencing. Petitioner has failed to establish that the trial court sentenced him based upon the exercise of his right to a jury trial. Habeas relief is not warranted on this claim.

**V.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas

relief on the claims contained in his petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336–37. When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists would not find the Court's procedural ruling on his procedurally-defaulted claims debatable. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus [dkt 1]is DENIED and DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED and leave to proceed *in forma pauperis* on appeal is DENIED.

IT IS SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: June 28, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 28, 2010.

    S/Marie E. Verlinde
    Case Manager
    (810) 984-3290